UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK                5:19-cv-995
-------------------------------------------------------------------X  (GLS/ATB)
KYLE WILLIAMS and RACHEL CHRYSLER,
                Plaintiffs,

                                                        **AMENDED COMPLAINT**

                                                           **JURY TRIAL DEMANDED**

                -against-


THE CITY OF SYRACUSE,
POLICE OFFICER GREGORY DiPUCCIO, and
POLICE OFFICER LIADKA,
                Defendants
-------------------------------------------------------------------X

        Plaintiffs Kyle Williams and Rachel Chrysler, by their attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION AND VENUE

        1.        This action arises under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

        2.        Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Northern District of New York because events forming the basis of the Complaint occurred in that District.

## PARTIES

        3.        At all times relevant, plaintiff Kyle Williams, was a resident of the City of Syracuse, Onondaga County in the State of New York and he is an African-American male.

        4.        At all times relevant, plaintiff Rachel Chrysler was a seventeen year old

female and a resident of the City of Syracuse, Onondaga County in the State of New York.

5. Upon information and belief, at all times hereinafter mentioned, the CITY OF SYRACUSE was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. Upon information and belief, that at all times hereinafter mentioned, Syracuse, its agents, servants and employees operated, maintained and controlled the Syracuse Police Department (SPD), including all the police officers thereof.

7. Upon information and belief, at all times hereinafter mentioned, defendants POLICE OFFICER GREGORY DiPUCCIO, and POLICE OFFICER LIADKA, were employed by Syracuse, as members of its police department and they are sued herein in their capacity as individuals.

8. Defendants were at all times relevant duly appointed and acting as employees of the SPD and they are liable for directly participating and/or failing to intervene to prevent those preventable acts described herein.

9. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments and under the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the laws of the State of New York.

10. At all times relevant, the individual defendants were acting in their capacities as state actors under color of state law.

## FACTS UNDERLYING
## PLAINTIFF'S CLAIMS FOR RELIEF

11. On September 9, 2016 the plaintiffs were arrested and subjected to excessive and unnecessary force at approximately 10:40 pm on the 200 block of Walton Street in Syracuse New York by the defendant officers.

12. Mr. Williams was punched and kicked on several areas of his body despite not resisting arrest.

13. The diminutive Ms. Chrysler was tripped face first to the ground, with no necessity to use any force against her, and she was otherwise physically abused by the defendants.

14. An ambulance was summoned and the two plaintiffs were placed in handcuffs in the ambulance.

15. While Mr. Williams was handcuffed, defendant Police Officer Liadka beat him further causing him to incur broken bones.

16. Defendant Police Officer Liadka also further battered Rachel Chrysler within the ambulance, including but not limited to sticking a gloved finger in an open wound she sustained when she was intentionally tripped to the ground face first.

17. The unnecessary use of excessive force against the plaintiffs resulted in jaw surgery for Kyle Williams and an eye socket injury for which he had to receive subsequent treatment and Rachel Chrysler required sutures for her injuries and she was otherwise harmed.

18. Both plaintiffs were brought to Upstate Hospital where they were released from police custody and where they received their first round of medical treatment.

19. At trial Kyle Williams was charged only with resisting arrest and he was acquitted at trial.

20. The defendant officers created fictions which they provided to the District Attorney's Office which information was used against both plaintiffs in their prosecutions.

21. The two plaintiffs are depicted below in the two photographs taken shortly after the incident.

 

### FIRST CLAIM FOR RELIEF ON BEHALF OF
### PLAINTIFFS VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
### TO THE UNITED STATES CONSTITUTION
### VIA THE USE OF EXCESSIVE AND UNNECESSARY FORCE

22. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs as if fully stated herein.

23. The plaintiffs' rights have been violated pursuant to the Fourth Amendment to the United States Constitution made applicable to the statues by virtue of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, via their being subjected to excessive and unreasonable force.

24. The defendants physically abused the plaintiffs, unnecessarily and maliciously, without the need to use any force, much less the excessive, gratuitous force employed.

25. As a direct consequence of defendants' actions, plaintiffs were deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendment to the United States Constitution, and more particularly, their right to be free from the use of excessive and unreasonable force.

26. The individual defendants' acts caused plaintiffs to sustain physical injuries, including permanent and non-permanent physical injuries, Kyle Williams had to undergo a surgical procedure, they incurred emotional harms, and they were otherwise harmed.

27. By reason of the aforesaid, the plaintiffs have been damaged and they are entitled to compensatory damages in a sum of not less than $1,000,000.00 (ONE MILLION) DOLLARS (each) and punitive damages in amounts to be determined at trial and plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFFS FAILURE TO INTERVENE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

28. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs as if fully stated herein.

29. The plaintiffs were subjected to the use of excessive and unnecessary force due in part to the defendant officers' failure in their affirmative duty to intervene to prevent the violation of plaintiffs' Fourth Amendment rights.

30. The defendants had a reasonable opportunity to intervene to prevent the beating and further beating of the plaintiffs which was happening in their presence.

31. The individual defendants' inaction caused plaintiffs to sustain physical injuries, including permanent and non-permanent physical injuries, emotional harms and they

were otherwise harmed.

32. By reason of the aforesaid, the plaintiffs have been damaged and they are entitled to compensatory damages in a sum of not less than $1,000,000.00 (ONE MILLION) DOLLARS (each) and punitive damages in amounts to be determined at trial and plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT SYRACUSE i.e., MONELL CLAIM

33. Plaintiffs repeat the allegations contained in the prior paragraphs as if fully stated herein.

34. Syracuse is liable to the plaintiffs for having caused the violations of plaintiffs' rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, more specifically, not to be subjected to the use of excessive and unreasonable force, not be subjected to false criminal charges and not to be subjected to the denial of a fair trial.

35. The City of Syracuse was aware of the SPD's propensity to commit unconstitutional acts prior to September 9, 2016, due to the excessive number of complaints made about members of the SPD and in particular about the large number of minorities placed under arrest by the SPD who were injured in the course of said arrests.

36. Syracuse has acted with deliberate indifference toward the SPD's practice of using excessive force against minorities and other citizens.

37. Syracuse has acted with deliberate indifference toward the SPD's practice of making false arrests of minorities and other citizens.

38. Syracuse has acted with deliberate indifference toward the SPD's practice of denying fair trials and maliciously prosecuting minorities and other citizens.

39. From approximately 2012 through September of 2016 Syracuse failed to discipline members of its police department for constitutional violations of minorities, in spite of overwhelming evidence such constitutional violations were being committed and, upon information and belief, in spite of the Citizens Review Board (CRB) on numerous occasions finding members of the SPD had in fact violated individuals' civil rights.

40. The SPD with deliberate indifference to the plaintiffs' rights ignored all reports from the CRB and from individuals about it's officers committing constsutional violations.

41. Upon information and belief the SPD has no effective review process when it receives allegations from individuals and substantiated complaints passed on from the CRB.

42. It is the *de facto* policy of the SPD to tolerate acts of excessive force, malicious prosecutions and denials of fair trials, committed by its officers, particularly when committed against members of the African American community.

43. There are frequent complaints against the SPD to Internal Affairs and to the CRB and the SPD during the relevant time period, Syracuse took no effective action to remedy these ongoing problems.

44. Such illegal practices, resulting in the aforementioned unconstitutional practices, were sufficiently widespread that they had the force of law.

45. Due to the *de facto* policy within the SPD and Syracuse's tolerance

thereof, plaintiffs suffered the harms outlined herein.

46. By reason of the aforesaid, the plaintiffs have been damaged and they are entitled to compensatory damages in a sum of not less than $1,000,000.00 (ONE MILLION) DOLLARS (each) and plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

## FOURTH CLAIM FOR RELIEF
### VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS VIA MALICIOUS PROSECUTION

47. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

48. By reason of the forgoing, the individual defendants violated plaintiff Kyle William's rights under the Fourth Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment, via a malicious prosecution.

49. Plaintiff was subjected to a malicious prosecution by the defendants who caused and continued his arrest, without probable cause, the arrest was effected with malice and the charges terminated in plaintiff's favor via an acquittal.

50. Both defendants generated the only paperwork that was known to have been forwarded to the Office of the District Attorney falsely alleging the plaintiff had resisted arrest,.

51. Upon information and belief both defendants spoke with the District Attorney alleging the plaintiff had resisted arrest.

52. The defendants were the only two complainants claiming the plaintiff had resisted arrest and such prosecution would never have commenced or continued without their erroneous representations, and participation in the prosecution.

53. The arrest of the Plaintiff was obtained without the ADA being aware of the bad faith misconduct of the defendants.

54. Plaintiff's prosecution was procured due to the fraudulent misrepresentations of the defendants.

55. Defendants' actions resulted in the plaintiff being arrested, handcuffed, being forced to appear in court numerous times, having to stand trial for a crime which he did not commit.

56. Plaintiff suffered from the fear of going to jail, he was subjected to defamation in his community, he was forced to appear in court repeatedly, he suffered emotional harms and he was otherwise harmed.

57. By reason of the aforesaid, the plaintiff has been damaged and is entitled to compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS, an award of punitive damages against the defendant and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**FIFTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFFS
PURSUANT TO 42 U.S.C. § 1983
VIOLATION OF PLAINTIFFS'
FOURTH, FIFTH AND SIXTH AMENDMENT RIGHTS
AND DEPRIVATION OF HIS DUE PROCESS RIGHTS
PURSUANT TO THE FOURTEENTH AMENDMENT
<u>VIA DENIAL OF A FAIR TRIAL</u>**

58. Plaintiffs repeat the allegations contained in the prior paragraphs as if fully stated herein.

59. Plaintiffs' rights were violated pursuant to Fourth Amendment as well as pursuant to the due process clause of the Fourteenth Amendment to the United States Constitution

via the denial of a fair trial.

60.  The defendants fabricated evidence that was likely to influence a jury's decision, forwarded that information to prosecutors, and the plaintiffs suffered a deprivation of liberty as a result.

61.  The defendants created the paperwork alleging the crimes including the crime of resisting arrest against the plaintiff Kyle Williams, and this was the only crime for which Mr. Williams was brought to trial.

62.  Upon information and belief the only police paperwork used to prosecute both plaintiffs was generated by the defendants in an attempt to excuse the physical abuse they had inflicted on the plaintiffs.

63.  The individual defendants acted intentionally, willfully, maliciously, negligently and with reckless disregard for and deliberate indifference to plaintiffs' rights and their well-being and did so to cover up the fact that they beat the plaintiffs unnecessarily.

64.  By reason of the aforesaid, the plaintiffs have been damaged and are entitled to compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS (each) an award of punitive damages against the defendants is appropriate and an award of attorneys' fees is appropriate pursuant to 42U.S.C. §1988.

**WHEREFORE,** plaintiffs respectfully request that judgment be entered as follows:

(A)  Declaratory relief finding that plaintiffs' rights under the United States Constitution were violated;

(B)  Compensatory damages to be determined at trial in a sum not less

    than $1,000,000.00 (ONE MILLION) DOLLARS (each)

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in amounts to be determined at trial;

(D) An award to plaintiffs of the costs and disbursements herein;

(E) An award of attorneys' fees under 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
July 31, 2020

                  / s /
FRED LICHTMACHER 513193
The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiffs
116 West 23rd Street Suite 500
New York, New York 10011
Tel. No. (212) 922-9066
Empirestatt@aol.com

To: The City of Syracuse
City of Syracuse Corporation Counsel
233 E Washington St
Syracuse, NY 13202

POLICE OFFICER GREGORY DiPUCCIO,
511 S State Street
Syracuse New York 13202

POLICE OFFICER LIADKA
511 S State Street
Syracuse New York 13202