**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KYLE WILLIAMS et al.,**

               **Plaintiffs,**

               **v.**

**THE CITY OF SYRACUSE et al.,**

               **Defendants.**
_____

**5:19-cv-995
(GLS/ATB)**

## SUMMARY ORDER

Plaintiffs Kyle Williams and Rachel Chrysler commenced this action against defendants The City of Syracuse, and City of Syracuse police officers Gregory DiPuccio and Officer Liadka, asserting the following claims pursuant to 42 U.S.C. § 1983: (1) a Fourth Amendment excessive force claim; (2) a Fourth Amendment failure to intervene claim; (3) a *Monell* claim against the City of Syracuse; (4) a Fourth Amendment malicious prosecution claim asserted by Williams only; and (5) a "violation of plaintiff[']s Fourth, Fifth, and Sixth Amendment rights and deprivation of his due process rights pursuant to the Fourteenth Amendment via denial of a fair trial." (Compl., Dkt. No. 1.) Defendants moved for partial dismissal, (Dkt. No. 8), which the court granted, with leave to amend, (Dkt. No. 14).

Plaintiffs then filed an amended complaint. (Am. Compl., Dkt. No. 15.) Now pending is defendants' motion to dismiss plaintiffs' *Monell*, malicious prosecution, and fair trial claims.[1] (Dkt. No. 16.) For the reasons that follow, defendants' motion is granted.

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2nd Cir. 2001) (internal citations omitted). The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

Defendants argue that plaintiffs' amended complaint fails to state a claim for municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and, notably, that the "amended allegations are strikingly similar, if not identical, to those that were previously dismissed by this court." (Dkt. No. 16, Attach. 2 at 4-13.) The court agrees. Indeed,

---

[1] The court assumes the parties' familiarity with the underlying facts, which are stated in full in the court's July 1, 2020 Memorandum-Decision and Order. (Dkt. No. 14 at 2-3.)

although plaintiffs filed an amended complaint, (Am. Compl.), it, again, contains only vague and conclusory allegations, and thus fails to cure the deficiencies in the original complaint, (Compl.).

For instance, plaintiffs allege that the City of Syracuse "failed to discipline members of its police department for constitutional violations of minorities, in spite of overwhelming evidence such constitutional violations were being committed," and "in spite of the Citizens Review Board . . . on numerous occasions finding [that] members of the [police department] had in fact violated individuals' civil rights."  (Am. Compl. ¶ 39.)  Such allegations are insufficient to establish municipal liability.  See *Arrindel-Martin v. City of Syracuse*, No. 5:18-CV-0780, 2018 WL 6622193, at *7 (N.D.N.Y. Dec. 18, 2018) ("[E]ven if 'numerous' complaints of excessive force have been substantiated by the Citizens' Review Board, Plaintiff fails to allege any facts as to the amount of these complaints, approximately when they were filed and/or substantiated, or whether the complaints that were substantiated were brought by members of the African-American community.  Without such basic factual allegations, it is nearly impossible for the Court to determine whether those substantiated complaints in particular plausibly suggest a patte[r]n of conduct that was so

persistent and widespread and of which Defendants City of Syracuse and [the police chief] should have known but to which they were deliberately indifferent."). Accordingly, plaintiffs' *Monell* claim is dismissed.

    Next, as the court explained in its previous Memorandum-Decision and Order, (Dkt. No. 14 at 6), to state a malicious prosecution claim pursuant to Section 1983, a plaintiff must plead the following elements: "(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice, and (4) the matter terminated in plaintiff's favor." *Rentas v. Ruffin*, 816 F.3d 214, 220 (2d Cir. 2016) (alterations and citation omitted). "An arresting officer may be held liable for malicious prosecution if he or she played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Barone v. United States*, No. 12 Civ. 4103, 2014 WL 4467780, at *17 (S.D.N.Y. Sept. 10, 2014) (internal quotation marks and citation omitted). "In addition, an officer will be liable for malicious prosecution if he or she creates false information likely to influence a jury's decision and forwards that information to prosecutors, or . . . withholds relevant and material information from the prosecutor." *Id.* (internal quotation marks and citation

4

omitted).

Here, Williams, again, recites the general elements of a malicious prosecution claim, and offers only conclusory allegations, including, for example, that Williams' "prosecution was procured due to the fraudulent misrepresentations of the defendants." (Am. Compl. ¶¶ 49, 54.) Such allegations fail to cure the deficiencies identified with respect to the original complaint, (Dkt. No. 14 at 5-8). Similarly, the allegation that "defendants generated the only paperwork that was known to have been forwarded to the [o]ffice of the [d]istrict [a]ttorney falsely alleging [Williams] had resisted arrest," (*id.* ¶ 50), does not suffice. *See Myers v. Moore*, 326 F.R.D. 50, 60 (S.D.N.Y. 2018) ("Plaintiff engages in group pleading, lumping the three defendants together without pleading facts demonstrating what each did that makes him liable for malicious prosecution. . . . Accordingly, the [a]mended [c]omplaint does not sufficiently plead a malicious prosecution claim." (citations omitted)); *Willis v. Rochester Police Dep't*, No. 15-CV-6284, 2018 WL 4637378, at *6 (W.D.N.Y. Sept. 27, 2018) (dismissing malicious prosecution claim for failure to state a claim where the plaintiff made only "passing reference to 'false statements of facts' . . . [and] fail[ed] to provide any further, or factual, context for that allegation" (citation

5

omitted)); *Longo v. Ortiz*, No. 15-CV-7716, 2016 WL 5376212, at *4 (S.D.N.Y. Sept. 26, 2016) ("Plaintiff's allegations as to false or fabricated information are entirely conclusory and generalized and do not contain the specificity required to state a claim for malicious prosecution." (citations omitted)). Accordingly, defendants' motion to dismiss Williams' malicious prosecution claim is granted, and the claim is dismissed.

Finally, in order to maintain a fair trial claim based on fabrication of information, plaintiffs must show that "an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016) (citation omitted). In order to maintain the claim against a police officer, plaintiffs "must prove by a preponderance of the evidence that the officer created false information, the officer forwarded the false information to prosecutors, and the false information was likely to influence a jury's decision." *Id.* at 280 (citation omitted).

Plaintiffs have failed to remedy their threadbare and boilerplate allegations, and, again, provide no factual context to support a fair trial

6

claim. *See Longo*, 2016 WL 5376212, at *6 (dismissing a fair trial claim, noting that allegations that the "defendants fabricated evidence, gave false testimony, and made false extrajudicial statements" to the district attorney's office "fail[ed] to state with the requisite specificity the evidence that was purportedly fabricated"); *Wright v. Orleans County*, No. 14-CV-622, 2015 WL 5316410, at *13 (W.D.N.Y. Sept. 10, 2015) ("[T]he failure to specify what constituted the allegedly falsified information is fatal to Plaintiff's fair trial claim."); *Waddlington v. City of New York*, 971 F. Supp. 2d 286, 297 (E.D.N.Y. 2013) (dismissing fair trial claim, and noting that the "[p]laintiff at no point alleges with specificity what false information [defendant police officers] created or forwarded to the D.A.'s Office"). Accordingly, defendants' motion to dismiss plaintiffs' fair trial claim is granted, and the claim is dismissed.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that plaintiffs' *Monell*, malicious prosecution, and fair trial claims are **DISMISSED**; and it is further

**ORDERED** that plaintiffs' remaining claims are as follows: (1) a Fourth Amendment excessive force claim, and (2) a Fourth Amendment failure to intervene claim; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 5, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge